# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE DAWSON,<br><br>   Petitioner,<br><br> v.<br><br>PARR,<br><br>   Respondent. | Case No. 1:19-cv-00293-JDP<br><br>ORDER TRANSFERRING THE CASE TO THE SOUTHERN DISTRICT OF WEST VIRGINIA<br><br>ECF No. 1 |

Petitioner Lonnie Dawson, a federal prisoner proceeding without counsel, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner was convicted and sentenced in the United States District Court for the Eastern District of Pennsylvania. Petitioner was formerly incarcerated in this district. On September 16, 2019, petitioner gave notice to this court that he was transferred to the Federal Correctional Institution in Beckley, West Virginia. ECF No. 7.

Jurisdiction in a § 2241 petition is proper in the district that has jurisdiction over the petitioner's custodian. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973); *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008); *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam) (the proper district court for a § 2241 petition is the one with jurisdiction over the warden of the facility where petitioner is confined). If the petition is

filed in the wrong district, the court may transfer the petition to the proper district pursuant to 28 U.S.C. § 1631 "if it is in the interest of justice." *See Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990).

Here, petitioner has filed his initial petition and an application to proceed *in forma pauperis*. This court has not yet screened the petition, ordered the defendant to respond, or issued any substantive orders or opinions. This court has no jurisdiction over petitioner's current custodian in West Virginia. Considering the early stage of this case and the long distance between this court and petitioner's place of confinement, I find it is in the interests of justice to transfer this case to the Southern District of West Virginia.

Pursuant to Local Rule 120(f), a civil action which has not been commenced in the proper court may, on the court's own motion, be transferred to the proper court. Therefore, this action will be transferred to Southern District of West Virginia.

**Order**

Accordingly,

1. The case is transferred to the United States District Court for the Southern District of West Virginia.

2. All future filings shall refer to the new case number assigned and shall be filed at:

> United States District Court
> Southern District of West Virginia
> Robert C. Byrd United States Courthouse
> 300 Virginia Street, East, Suite 2400
> Charleston, WV 25301

IT IS SO ORDERED.

Dated: December 24, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 206.